**2015 UT App 175**

## THE UTAH COURT OF APPEALS

1ST OUT BAIL BONDS, LLC,
Appellant,
*v.*
WASHINGTON COUNTY JUSTICE COURT AND
THE HONORABLE RONALD READ,
Appellees.

Per Curiam Decision
No. 20150411-CA
Filed July 16, 2015

Fifth District Court, St. George Department
The Honorable John J. Walton
No. 150500083

Randall T. Gaither, Attorney for Appellant

Brock R. Belnap and Eric W. Clarke, Attorneys
for Appellees

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN
and KATE A. TOOMEY.

PER CURIAM:

¶1      1st Out Bail Bonds, LLC, appeals a ruling of the district court denying its petition for extraordinary relief. This case is before the court on a sua sponte motion for summary disposition. We affirm.

¶2      1st Out Bail Bonds filed a petition for extraordinary relief in the district court seeking reversal of the Washington County Justice Court's order that bail in the amount of $623 be forfeited. The district court granted a motion to dismiss, determining that the justice court correctly granted a motion for bail forfeiture and that, even assuming the issuance of the bail forfeiture order was based on a mistake of law, extraordinary relief was not appropriate.

¶3     Our review on appeal is limited to reviewing the district court's decision to deny extraordinary relief. "The decision to grant or deny a petition for extraordinary writ is discretionary." *Krejci v. City of Saratoga Springs*, 2013 UT 74, ¶ 10, 322 P.3d 662. "Unlike a party filing a direct appeal, a petitioner seeking . . . extraordinary relief has no right to receive a remedy that corrects a lower court's mishandling of a particular case. Rather, whether relief is ultimately granted is left to the sound discretion of the court hearing the petition." *State v. Barrett*, 2005 UT 88, ¶ 23, 127 P.3d 682. "In sum, if a petitioner is able to establish that a lower court abused its discretion, that petitioner becomes eligible for, but not entitled to, extraordinary relief." *Id.* ¶ 24.

¶4     Defendant Donald Christopher Lahnan failed to appear in the justice court at a May 8, 2014 hearing. During that hearing, Lanhan's appointed counsel stated that he was not in contact with Lahnan and did not have a good address for him. The justice court issued a warrant of arrest and a Notice of Defendant's Failure to Appear and Order to Commence Bond Forfeiture Proceedings. That notice included a Certificate of Notification stating that the Washington County Justice Court had sent the notice to 1st Out Bail Bonds by certified mail. It is undisputed that 1st Out Bail Bonds failed to produce the defendant within six months of notice. St. George City moved to collect on the bail bond, and the justice court granted the motion.

¶5     1st Out Bail Bonds argued in its petition for extraordinary relief that the justice court was required by statute to give notice of failure to appear on two prior occasions when Lahnan did not appear personally but was represented by counsel who had excused his client from attending. 1st Out Bail Bonds claimed that when Lahnan's attorney appeared on his behalf at the July 2013 and January 2014 hearings without Lahnan also being present, it triggered the statutory requirements to give notice to the surety. 1st Out Bail Bonds also claimed that the City was required to provide a copy of the actual certified mail receipt when it moved for bail forfeiture. The district court rejected those arguments, concluding that the justice court complied with

the statutory requirements. Finally, 1st Out Bail Bonds argued that the justice court erred in granting the motion for bail forfeiture because there was no notice to submit filed. The district court decided that the justice court did not err in granting the City's motion for bail forfeiture at the close of briefing on the motion. *See* Utah R. Crim. P. 12(b) ("If no party filed a written Request to Submit, *or the motion has not otherwise been brought to the attention of the court*, the motion will not be considered submitted for decision." (emphasis added)).

¶6     Upon a defendant's failure to appear, the court is required to issue a bench warrant and to direct that the surety be given notice of the nonappearance. Utah Code Ann. § 77-20b-101(1) (LexisNexis 2012). The clerk of court shall then (1) send notice of the failure to appear to the surety by certified mail, (2) notify the surety of the prosecutor's contact information, and (3) provide notice to the prosecutor of the failure to appear. *Id*. In this case, the City's motion for bail forfeiture was supported by a copy of the notice sent to the surety of the defendant's nonappearance, along with the certificate of the justice court clerk indicating that the notice to the surety was sent by certified mail. The district court found that the justice court complied with the statutory requirements. 1st Out Bail Bonds has identified no authority supporting its argument that an appearance through counsel is nevertheless a nonappearance by a defendant.

¶7     Under the circumstances of this case, 1st Out Bail Bonds has failed to demonstrate that the district court abused its discretion in denying extraordinary relief. In addition, 1st Out Bail Bonds has failed to identify any legal authority to support its claim that the Washington County Justice Court failed to comply with the statutory requirements for bail forfeiture. Accordingly, we affirm.

———————